Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
Office email: efile@ch13ac.com
Direct email: brian@ch13ac.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ARVIN PETER MANI<br><br>Debtor(s) | **Case No.: 8:22-bk-12093-TA**<br><br>Chapter 13<br><br>**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN; OBJECTION TO CLAIM OF EXEMPTION**<br><br>§ 341(a) Meeting:<br>Date:     January 10, 2023<br>Time:    10:00 am<br>Place:    Video Conference<br><br>Confirmation Hearing:<br>Date:          February 22, 2023<br>Time:         1:30 pm<br>Courtroom: 5B<br>Address:    411 West Fourth Street,<br>                    Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby objects to confirmation of Debtor's Chapter 13 Plan filed December 27, 2022 [Docket No. 10] (the "Plan"), the confirmation hearing for which is set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.[1]

---

[1] The Local Bankruptcy Rules may be found at http://www.cacb.uscourts.gov/local-rules.

1

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

The claims bar date for non-governmental entities of February 20, 2023 has not passed but will have passed as of the confirmation hearing. To ensure Plan feasibility and that all allowed claims are provided for in the Plan, the Trustee requests that Debtor reviews proofs of claim filed as of the claims bar date.

Pursuant to 11 U.S.C. § 1302(b)(2)(B), the Trustee "shall … appear and be heard at any hearing that concerns … confirmation of a plan." In furtherance of this duty, the Trustee objects to confirmation on the following grounds:

1. Service time for the Notice and Proof of Service of Plan filed on December 28, 2022 [Docket No. 12] is one (01) day short from the § 341(a) meeting. LBR 3015-1(b)(3).

2. Debtor has not filed a Declaration Re Filing of Tax Returns and Payment of Domestic Support Obligations. LBR 3015-1(b)(4). 11 U.S.C. §§ 1308, 1325(a)(9).

3. Per the Franchise Tax Board proof of claim no. 2-2, Debtor has not filed state income tax returns for 2019, 2020, and 2021. 11 U.S.C. §§ 1308, 1325(a)(9).

4. The following income tax returns have not been provided to the Trustee: 2020 and 2021 state and federal. LBR 3015-1(c)(3).

5. Debtor is self-employed as a stage hand. The Trustee has not received the required business report, questionnaire, and documentation of relevant licenses and insurance. LBR 3015-1(c)(4).

6. The following documentation of income has not been provided to the Trustee: a) rental income of $1,800 per month. LBR 3015-1(c)(3).

7. Debtor must establish the ability to make the payments called for under the Plan. Here, Debtor's net monthly income is $304 per month. However, the proposed plan payment for months 13 through 60 is $6,148.24 per month. Per Schedule A/B, the bankruptcy estate has an interest in the Estate of Josepha Mani (the "Probate Estate") and a beneficial interest in the Josepha A. Mani Trust (the "Trust") valued at approximately $1,000,000. In addition, Debtor stated at the § 341(a) meeting that there is also a deposit account containing approximately $300,000 in the Probate Estate which had not been transferred into the Trust. Debtor is requested to file a declaration apprising the Court and the parties of the status of the administration of the Probate Estate and the Trust, as Debtor's ability to fund the Plan appears nearly wholly dependent upon the realization of these assets.

8. The Plan at Class 3C provides for the full payment of the secured debt of Chandler Olson in the amount of $112,687.10. This creditor has not yet filed a proof of claim. In addition, the Plan provides for this creditor to receive a 0% discount on the payment of its secured claim.

9. Debtor has not filed a Declaration Setting Forth Postpetition, Preconfirmation Payments in this case showing post-petition mortgage payments made to CitiMortgage on a debt secured by real property at 1141 N. Berendo Street, Los Angeles, CA 90029 which is nominally held in trust by the Trust. LBR 3015-1(m)(2). As this is the only real property contained in Schedule A/B, it is also presumably the source of rental income listed in Schedule I.

10. The Trustee objects to the Plan's provision in Class 4 that Debtor will be the disbursing agent for post-petition contractual installment payments to CitiMortage. The Plan provides for scheduled arrears to CitiMortgage of $72,647.32.

Payments made by a debtor directly to a creditor are payments under the Plan. "[A] chapter 13 debtor's direct payments to creditors, if provided for in the plan, are 'payments under the plan'" In re Mrdutt, 600 B.R. 72, 81 (9th Cir. BAP 2019). While Mrdutt discussed § 1328 and § 1329, the court found no material difference in the use of the term "under the plan" for the purposes of these

provisions. Id. Likewise, no such material difference exists in the application of that term in § 1326(a) and (c).

The provisions of the Bankruptcy Code by default require that the Trustee be the disbursing agent for all payments to be made under the Plan, unless the Plan or order confirming the Plan otherwise provide, or the Court orders otherwise. 11 U.S.C. § 1326(a) and (c). "[11 U.S.C.] § 1326[(c)] also `makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor.'" Matter of Foster, 670 F.2d 478, 486 (5th Cir. 1982). The Plan must provide for submission of all or such portion of future earnings to the supervision and control of the Trustee as necessary for the execution of the Plan. 11 U.S.C. § 1322(a)(1). Debtor must submit to the Trustee funds necessary to make payments under the Plan unless the Court orders otherwise. 11 U.S.C. § 1326(a)(1). The Trustee shall make payments to creditors under the Plan unless otherwise provided in the Plan or the order confirming the Plan. 11 U.S.C. § 1326(c).

The Plan must comply with the provisions of chapter 13, which includes § § 1322 and 1326. 11 U.S.C. § 1325(a)(1). The debtor bears the burden of proving that each element of plan confirmation is met. In re Chinichian, 784 F. 2d 1440, 1444 (9th Cir. 1986). The burden is on the debtor to establish that they should be the disbursing agent.

Debtors do not have an absolute right to make direct payments to creditors on unimpaired claims. In re Giesbrecht, 429 B.R. 682, 690 (9th Cir. BAP 2010). "[B]ankruptcy courts have been afforded the discretion to make the determination of when direct payments may or may not be appropriate based upon the confirmation requirements of § 1325, policy reasons, and the factors set forth by case law, local rules or guidelines." Giesbrecht, at 690 (citing In re Lopez, 372 B.R. 40, 46 (9th Cir. BAP 2007). Several courts have set forth various factors for determining when direct payments may or may not be appropriate. See, In re Perez, 339 B.R. 385, 409 (S.D. Tex. 2007) (citing twenty-

4

one factors culled from various cases); <u>In re Pianowski</u>, 92 B.R. 225, 233-34 (Bankr. W. D. Mich. 1988) (enumerating thirteen factors); <u>In re Miles</u>, 415 B.R. 108, 116 (stating nine factors); <u>In re Barber</u>, 191 B.R. 879, 885 (D. Kan. 1996) (enumerating three factors); <u>In re Bettger</u>, 105 B.R. 607 (Bankr. D. Or. 1989) (enumerating eight factors).

Distilling the numerous factors stated by various courts, which are instructive but not binding upon this Court, the Trustee proposes the factors below for Debtor to address and for the Court to consider when determining whether Debtor has met their burden to convince the Court to deviate from the statutory presumption of the chapter 13 trustee as the disbursing agent.

(1) <u>The degree of responsibility of the debtor</u> – Only debtors who have shown good budget management should be allowed to make direct payments and even those debtors must maintain records to evidence the payments.

(2) <u>The reasons contributing to the debtor's need for filing</u> – A debtor who suffered a health emergency but otherwise has properly managed their budget would be a more reasonable direct payment agent than someone who has suffered variability in employment and income or who relies on contributions from third parties.

(3) <u>The existence of arrears and the extent to which the plan modifies the debt</u> – Direct payments should not be permitted for secured claims with large arrears or several missed payments which are so impaired that the debtor would lose the property but for the filing of the chapter 13 case. Under LBR 3015-1(m)(2), the existence of any arrears whatsoever requires that post-petition payments be made through the trustee:

> "The plan may provide that postpetition mortgage payments will be made directly to the creditor. All such direct payments must be made as they come due postpetition. **If there are arrearages** or the plan changes the amount of payment, duration, or interest rate for any reason, including the fact that a portion of the claim is deemed unsecured, **then all payments so provided in the plan must be paid through the chapter 13 trustee**." [Emphasis added.]

5

(4) <u>Whether the debt is commercial or consumer debt</u> - Commercial debt should involve more sophisticated participants.

(5) <u>Prior bankruptcy filings or relief from stay motions</u> – A debtor with a history of prior chapter 13 filings which were dismissed due to lack of making payments or where a motion for relief has been filed evidences a debtor's inability to be a reliable disbursing agent and should render direct payments not approved.

(6) <u>Whether direct payment will impair the trustee's ability to perform his standing trustee duties</u> - Direct payment by a debtor always impair the trustee's ability to monitor and supervise payments under the plan as required by 11 U.S.C. § 1322(a)(1). Direct payments are "payments under the plan." <u>Mrdutt</u>, at 81. Also, a chapter 13 trustee has a duty under Fed. Rule Bankr. Proc. 3002.1(f) to file and serve a notice of final cure "within 30 days after the debtor completes *all payments under the plan*." [Emphasis added]. Without the ability to monitor payments made by a debtor as disbursing agent, a trustee could not know when all payments under the plan have been completed. Finally, whether a debtor has made all post-petition payments dictates whether a debtor may receive a discharge. 11 U.S.C. § 1328(a). A chapter 13 trustee is a bonded fiduciary with systems in place to timely make disbursements and to meticulously account for all funds received and disbursed.

(7) <u>The debtor's compliance with post-filing duties</u> – Whether the debtor has failed to comply with their duties as a debtor under the Code, Rules, or LBRs, make payments, or timely file a post-petition secured debt declaration under LBR 3015-1 (e) and/or (m).

(8) <u>Whether a direct payment would result in discriminatory treatment</u> – Allowance of a direct payment could result in the creditor being paid in full when the collateral could be valued and the secured claim reduced, resulting a lower distribution to other creditors.

(9) <u>Is the plan truly feasible?</u> – If a debtor cannot propose a feasible plan if required to pay the costs of plan administration, this is indicative of a debtor so close to the edge financially that they are unlikely to succeed in their plan.

(10) <u>The potential effect upon the trustee's salary or funding of the US Trustee system</u> - While direct payments do not directly affect a chapter 13 trustee's salary, the inability to cover all the operating costs of the trusteeship due to reduced receipts does affect the ability of a chapter 13 trustee to effectively and efficiently meet all their statutorily imposed duties, and provide services and support to debtors, creditors, and the court. "Avoiding the trustee's percentage fee cannot be the sole reason for allowing debtors to make home mortgage payments directly." <u>Perez</u>, at 493.

(11) <u>The existence of other unique or special circumstances</u> – A catch-all category for relevant facts and circumstances not addressed in the other ten factors.

11. Schedule A/B discloses an ownership interest in a guitar collection valued at $10,000, which Debtor has claimed as exempt under C.C.P. § 704.020. The Trustee objects to this exemption on the grounds that such a guitar collection is not "ordinary and reasonably necessary" to Debtor's place of residence under C.C.P. § 704.020(a). Per C.C.P. § 704.020(b), an item is "ordinarily and reasonably necessary" "(1) The extent to which the particular type of item is ordinarily found in a household"; and not exempt to the extent that the item "has extraordinary value as compared to the value of items of the same type found in other households."

8. The Trustee reserves the right to supplement this objection or raise additional grounds for objection at the confirmation hearing. The filing of this objection does not in any way limit the Trustee's duty to appear and be heard at hearings which concern confirmation of a plan. 11 U.S.C. § 1302(b)(2)(B).

Based on the foregoing, the Trustee requests that confirmation be denied and that the case be dismissed or converted, whichever is in the best interests of creditors.

Dated: February 7, 2023           /s/ Brian D. Wirsching
                                  Staff Attorney for
                                  Amrane Cohen, Chapter 13 Trustee

## **VERIFICATION**

I, Brian D. Wirsching, declare that I am employed as a staff attorney for Amrane Cohen, Chapter 13 Trustee in this case ("Trustee"). The Trustee is the duly appointed chapter 13 trustee in the instant case. I have personally reviewed the files and records maintained by the Trustee in this case and the facts stated this objection are true and correct to the best of my knowledge.

Dated: February 7, 2023        By: /s/ Brian D. Wirsching
                               Attorney for Amrane Cohen, Chapter 13 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN; OBJECTION TO CLAIM OF EXEMPTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/07/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen    efile@ch13ac.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Christopher J Langley    chris@slclawoffice.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 02/07/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Arvin Peter Mani
19332 Pitcairn Ln
Huntington Beach, CA 92646

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. THEODOR C. ALBERT

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/07/2023 | Reyna Patrick | /s/ Reyna Patrick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE